IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-48-FL
NO. 5:11-CV-484-FL

| | |
|---|---|
| TONY VINES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner Tony Vines, Jr.'s motion to vacate under 28 U.S.C. § 2255 (DE # 45) and the government's motion to dismiss petitioner's § 2255 motion (DE # 51). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss. Petitioner timely filed objections to the M&R to which the government responded, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts in part the recommendations of the magistrate judge, grants in part and denies in part the government's motion to dismiss, and grants in part and denies in part petitioners's motion to vacate.

## BACKGROUND

Petitioner was indicted on February 10, 2010, with knowingly and intentionally possessing with the intent to distribute a five grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1). The government further alleged that for purposes of 21 U.S.C. §§ 841(b) and 851 that

petitioner had two or more final prior felony drug convictions as defined in 21 U.S.C. § 802(44). Accordingly, on March 24, 2010, pursuant to 18 U.S.C. § 851, the government filed notice of its intention to seek an enhanced penalty. On March 31, 2010, defendant pleaded guilty to the charge against him pursuant to a written plea agreement. The plea agreement included waivers of petitioner's appeal rights and rights to contest his sentence in post-conviction proceedings pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his guilty plea.

In the Presentence Investigation Report ("PSR") compiled for petitioner, probation determined that petitioner was a career offender pursuant to U.S.S.G. § 4B1.1. All of the predicate felonies upon which this classification was based were North Carolina Felonies for which petitioner faced under one year in prison. Application of career offender status increased petitioner's total offense level from 27 to 34 and changed his criminal history category from V to VI. His advisory Guideline imprisonment range was calculated as two hundred and sixty-two (262) to three hundred and twenty-seven (327) months. At sentencing, petitioner objected to the imposition of career offender status under U.S.S.G. § 4B1.1 in light of the Supreme Court's newly handed down decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Petitioner argued that the reasoning in Carachuri-Rosendo countermanded the Fourth Circuit's interpretation of what constituted a felony under the North Carolina Structured Sentencing Act in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Noting that the Fourth Circuit had yet to address the issue, this court overruled petitioner's objection, citing Harp as binding precedent. However, the court also granted a motion for downward departure, pursuant to U.S.S.G. § 5K1.1, sentencing petitioner to 190 months imprisonment.

Petitioner appealed his sentence, contending that the application of career offender status and

2

the § 851 enhancement were improper pursuant to Carachuri-Rosendo. The Fourth Circuit dismissed his appeal, noting that he had waived his right to appeal in his plea agreement and holding that his claim fell within the scope of his appellate waiver.

Subsequently, on August 17, 2011, the Fourth Circuit held in United States v. Simmons, 649 F.3d 247 (4th Cir. 2011) (en banc), that Harp was no longer valid in light of Carachuri-Rosendo. Accordingly, the Fourth Circuit held that a prior conviction for which a defendant could not receive more than one year in prison under the North Carolina Structured Sentencing Act is not a felony offense for purposes of federal law and so cannot serve as a predicate felony for sentencing federal sentencing enhancements. Simmons, 649 F.3d at 243-50. On September 19, 2011, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. On November 17, 2011, petitioner filed a motion to amend his § 2255 motion, which motion the magistrate judge granted. On November 18, 2011, the government filed a motion to dismiss petitioner's § 2255 motion.

Petitioner asserts three grounds for relief in his motion. He first asserts that his North Carolina state convictions cannot support the career offender designation assigned to him at sentencing. Second, he maintains that he is entitled to be re-sentenced in accordance with the Fair Sentencing Act ("FSA") as his sentencing occurred after the effective date of the FSA. Finally, petitioner maintains that he received ineffective assistance of counsel where his trial counsel failed to apprise him of the ongoing legal debate concerning the use of North Carolina felonies for enhancements in federal sentencing prior to entry of his guilty plea, and where his appellate counsel did not raise the claim that he was improperly sentenced as a career offender based on Carachuri-

3

Rosendo or file a petition for certiorari with the Supreme Court.[1]

In its motion to dismiss, the government argues that petitioner waived his right to challenge his sentence through collateral attack in his plea agreement with the government. Alternatively, the government maintains that even if petitioner's claims are not waived, they should be dismissed as they are not constitutional errors failing to rise to the level of a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

As set forth in the M&R, the magistrate judge recommends that the court grant the government's motion to dismiss and deny petitioner's motion, based on the reasons advanced by the government.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

---

[1] Petitioner did not raise any claims regarding ineffective assistance of trial counsel until responding to the government's motion to dismiss. However, the magistrate judge construed this argument as a second motion to amend or supplement which was granted.

4

B.   Analysis

Petitioner lodges five objections to the conclusions of the magistrate judge set forth in the M&R. Petitioner first objects to the finding that his waiver of his post-conviction rights was knowing and voluntary where his counsel was ineffective for failing to advise him of the ongoing legal debate regarding North Carolina felonies culminating in the Simmons decision. (Petitioner's Obj. 1). Petitioner objects, second, to the magistrate judge's finding that the purpose of the plea agreement was not frustrated by the Simmons decision. (Id. at 1-2). Petitioner's third objection is to the magistrate judge's finding that denial of his Simmons claim would not constitute a miscarriage of justice. (Id. at 2). His fourth objection is simply that he is "entitled to relief on his F.S.A. claim." (Id. at 2-3). Petitioner's fifth and final objection is to the magistrate judge's finding that his trial counsel was not ineffective.[2] (Id. at 3). For the reasons that follow, the court overrules petitioner's first, second, third, and fifth objections, but sustains his fourth objection.

1.   Assistance of Counsel and Petitioner's Plea

Petitioner first objects to the magistrate judge's determination that his plea was knowing and voluntary. The basis for petitioner's objection is that his trial counsel was ineffective. This objection is essentially the same as petitioner's fifth objection that he received ineffective assistance of counsel because counsel failed to inform him of the debate regarding use of North Carolina felonies for federal enhancements prior to entering his plea. Therefore the court considers these objections together and overrules both them.

The court has conducted *de novo* review of those portions of the M&R wherein it was found

---

[2] Petitioner does not object to the magistrate judge's finding that his appellate counsel was not ineffective, and the court does not find this conclusion clearly erroneous.

5

petitioner's plea was knowing and voluntary and his trial counsel did not render ineffective assistance. For the reasons stated in the M&R, the court agrees that petitioner's plea was knowing and voluntary and that he did not receive ineffective assistance of counsel.

As was noted in the M&R, Harp was controlling law in this circuit when petitioner entered his plea, and Carachuri-Rosendo had not even been decided. Petitioner's counsel was not ineffective for giving advice to petitioner according to what was then controlling law. See e.g., United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996) ("failure to anticipate a new rule of law [is] not constitutionally deficient") (citations omitted); Watson v. United States, No. 5:10-cr-294-BR, 5:11-cv-640-BR, 2011 U.S. Dist. LEXIS 133056, at *2 (E.D.N.C. Nov. 17, 2011) (trial counsel was not deficient for failing to anticipate change of law as a result of Simmons); Peters v. United States No. 7:07-cr-47-BO, 7:11-cv-56-BO, 2011 WL 5024367, at *3 (E.D.N.C. Oct. 20, 2011) (same). Counsel was not ineffective, and petitioner's plea was therefore knowing and voluntary.

2. Frustration of Purpose

Petitioner next contends that his attack on his sentence is not barred by his waiver because the Simmons decision frustrated the purposes for which both petitioner and the government entered into the plea agreement. Petitioner contends that his purpose in entering into the plea agreement was to "avoid the uncertainty of facing a life sentence" and that the government's purpose was to "punish a recidivist using an enhancement and the career offender guideline." The court disagrees.

There is a three-pronged standard for frustration of purpose:

First, the frustrated purpose must have been 'so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense.' Restatement 2d Contracts § 265 cmt. a. Second, the frustration must be such that the intervening event cannot fairly be regarded as within the risks the frustrated party assumed under the contract. Id. Finally, 'the non-occurrence of the frustrating event

6

must have been a basic assumption on which the contract was made.' Id. United States v. Bunner, 134 F.3d 1000, 1004 (10th Cir. 1998).

The purpose for which parties enter a plea agreement is "to avoid the uncertainty of a jury verdict." Id.; cf. United States v. Green, 139 F.3d 1002, 1004 (4th Cir. 1998) ("At the heart of the parties' exchange is the agreement that the defendant will substantially serve the sentence imposed on the basis of conduct that the defendant has admitted."). This purpose was not frustrated by the Simmons decision. Simmons did not serve to undo the factual basis for petitioner's conviction. Thus the basis of the plea agreement – avoiding the uncertainty of a jury verdict – was not frustrated by Simmons.

3. Miscarriage of Justice

Petitioner also objects to the finding that his Simmons claim is foreclosed by his plea agreement waiver on the basis that enforcing this waiver would be a miscarriage of justice. While petitioner's objection is not a model of clarity, he appears to contend that his claim should not be barred as the court's sentence fell within a category of errors that he could not have anticipated when entering his plea. Petitioner further notes that courts consider claims that a sentence was illegal or based on constitutionally impermissible factors to be outside the scope of a plea waiver.

Petitioner is correct that he "could not be said to have waived his right . . . [to challenge] a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). However, neither of these situations apply here. Petitioner did not receive a sentence in excess of the statutory maximum, nor has he claimed his sentence was based on a constitutionally impermissible factor.

7

Petitioner's sentence also was not an error he could not have anticipated when entering his plea. See United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005) (holding that a change in the law is not outside the scope of an appeal waiver and citing cases). Petitioner cites United States v. Yancey, No. 11-479, 2012 WL 313752 (4th Cir. Feb 2, 2012), in which the Fourth Circuit held that the defendant's appellate waiver did not bar his claim that he was improperly classified as a career offender in light of Simmons. Yancey, however, is distinguishable from this case. In Yancey, the defendant expressed concern at sentencing that the appellate waiver in his plea agreement "might encompass his ability to try to appeal should Simmons go in his direction." (Tr. Yancey Sentencing Hr'g. 23:19-24). The government was not opposed to allowing the defendant to appeal in the event Simmons was decided the way it was, in fact, eventually decided. In order to ensure the defendant's right to appeal on that ground was not waived, the court had the government make the requisite changes to the plea agreement waivers then and there and had both parties initial those changes. (Id. at 24:4-25:13).

In this case, no such amendment to petitioner's waivers was made. Therefore, under Blick, the unanticipated change in law brought about by Simmons does not make petitioner's waivers unenforceable. There is no miscarriage of justice in enforcing the waivers petitioner knowingly and voluntarily signed.

4. Fair Sentencing Act

Finally, petitioner objects to the finding that he is not entitled to re-sentencing in accordance with the FSA. The court agrees that the FSA should have been applied in this case. The FSA's penalties apply to all offenders who are sentenced after August 3, 2010, regardless of whether or not

8

their crimes preceded that date. Dorsey v. United States, 132 S.Ct. 2321, 2331 (2012).[3] Petitioner was sentenced on August 16, 2010, and thus was entitled to application of the FSA. The guidelines range in this case (262-327 months) exceeded the FSA maximum (240 months). The court arrived at its original sentence imposed of 190 months by departing downward by twenty-five (25) percent from the bottom of a guidelines sentence improperly calculated to be 262-327 months, and then removing an additional six months. Petitioner's guideline range under the FSA should have been 240 months. Thus, applying the court's previous downward departure calculus in this instance, departing downward by twenty five (25) percent from there and then removing an additional six months results in a revised sentence of 174 months.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's first, second, third, and fifth objections and sustains his fourth objection. The court thus ADOPTS in part and REJECTS in part the recommendations contained in the M&R.

The court GRANTS that part of petitioner's motion (DE # 45) requesting that he be re-sentenced in accordance with the Fair Sentencing Act. Petitioner's previously imposed sentence of imprisonment, as reflected in the last judgment issued, of 190 months is REDUCED to 174 months. The court DENIES petitioner's motion in its remaining part. Except as otherwise provided in this order, all provisions of the judgment dated August 16, 2010, shall remain in effect.

---

[3] The magistrate judge did not have benefit of Dorsey, which was decided after the magistrate judge entered his recommendation in this case.

The court DENIES that part of the government's motion to dismiss (DE # 51) pertaining to petitioner's Fair Sentencing Act claim, and GRANTS the motion in its remaining part.

SO ORDERED, this the 5 day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge